UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH PEPICELLI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:23-cv-12406-MPK |
| | ) | |
| EVERETT POLICE DEPARTMENT, | ) | |
| CITY OF EVERETT, | ) | |
| POLICE CHIEF STEVEN MAZZIE, | ) | |
| and LIEUTENANT NEIL BURKE, | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now comes the Plaintiff, Joseph Pepicelli ("Plaintiff"), by and through his undersigned

counsel, and hereby moves this Honorable Court, pursuant to Fed. R. Civ. P. 56, for partial

summary judgment as to liability on Count II of his Complaint for heritage discrimination in

violation of M.G.L. c. 151B. As set forth herein, there is no genuine dispute of material fact that

Defendant Neil Burke, a supervisory officer, used a derogatory ethnic slur in reference to the

Plaintiff, and that Defendant City of Everett had actual knowledge of such conduct and failed to

take any corrective action. Accordingly, Plaintiff is entitled to judgment as a matter of law on

liability on Count II of his Complaint. As to all remaining claims, the record presents genuine

issues of material fact precluding summary judgment.

**FACTS**

Plaintiff hereby incorporates "Plaintiff's Statement of Undisputed Material Facts" as if

fully set forth herein.

1

**ARGUMENT**

I.    THE STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991), *quoting Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5 (1st Cir. 1990). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead "must present affirmative evidence." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Applying this standard, the Plaintiff can demonstrate that based on the undisputed material facts, he is entitled to judgment as a matter of law.

II.    PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT ON LIABILITY FOR HERITAGE DISCRIMINATION (COUNT II)

Pursuant to M.G.L. c. 151B, it is unlawful for an employer to discriminate against an employee based on national origin or ancestry. M.G.L. c. 151B § 4. The Plaintiff can show direct or indirect evidence of discriminatory animus and causation in order to prevail. If no direct evidence exists, the burden-shifting test set out in McDonnell Douglas is utilized. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

Here, there is undisputed direct evidence of such discrimination. Defendant Burke admitted that he referred to the Plaintiff as a "fucking guinea," a derogatory ethnic slur directed at individuals of Italian heritage. *PA-22.* Burke further admitted that such language is inappropriate

in the workplace. *Id.* Additionally, a memorandum submitted to Chief Steven Mazzie by Captain Paul Hamilton documented Burke stating that he would "kill that fucking guinea" in reference to the Plaintiff[1]. *PA-52.*

This is not stray workplace language, but rather it is direct evidence of targeted discrimination. Burke was the Plaintiff's superior and made the statement to another superior officer, Captain Hamilton. The statement was serious enough to be documented, and it included threatening language. Even a single instance of a severe slur by a supervisor may create a hostile work environment, especially where no corrective action is taken. Because this is direct evidence of discriminatory animus, Plaintiff does not need to proceed under the *McDonnell Douglas* burden-shifting framework.

No investigation was done until the Plaintiff escalated the issue to the City of Everett Mayor's office. *Plaintiff's Affidavit*; *PA-46.* After the Plaintiff spoke with the Mayor about the incident, Chief Mazzie received an e-mail from the Mayor directing him to schedule a meeting with the individuals involved and their union representatives. *Id.* Two and ½ months after the incident, Mazzie scheduled a meeting, and explained to Burke that he needed to because the Mayor was upset about the incident. *PA-21,22.* Chief Mazzie also told Burke that he was unhappy with him "for having done this" and "for having to deal with this.[2]" *Id.* After a request, Chief Mazzie received three memoranda related to the incident: one from the Plaintiff, one from Burke, and one from Captain Hamilton. *PA-47-59.* Each memorandum explained the author's

---

[1] Interestingly, Chief Mazzie denies that this threat was made, even though he was not a witness to the incident, and was provided a first-hand account of such by Captain Hamilton, under the pains and penalties of perjury. *PA-38.*

[2] Burke admitted that he thought it was ridiculous for the Plaintiff to complain to the Mayor. *PA-24.*

version of the events that occurred[3]. *Id.* At the meeting, where no union representatives were present, Burke admitted to having used the slur. Adm. at 7.[4] *Plaintiff's Affidavit; PA-20-23.*

This is not a case built on inference. Even with all the information handed to him, Chief Mazzie took no disciplinary action whatsoever. *PA-23.* The incident does not appear in Burke's disciplinary file. Burke was never required to attend any antidiscrimination/sensitivity training. *Id.* Chief Mazzie received a report, with corroboration, documenting the slur and threat. He spoke with Burke, who admitted the conduct, but he took no disciplinary action whatsoever. *PA-40.* In fact, he actually stated to the Plaintiff, "why'd you go to the Mayor? Now I can't squash this." *Plaintiff's Affidavit.* This is complete inaction in the face of admitted discrimination, and no reasonable jury could conclude that such conduct is consistent with a discriminatory-free workplace. Therefore, based on the undisputed facts, Plaintiff is entitled to judgment as a matter of law against the Defendants as to liability for discrimination based on heritage.

III.     THE REMAINING CLAIMS PRESENT GENUINE ISSUES OF MATERIAL FACT

Plaintiff has also asserted claims for violation of 42 U.S.C. § 1983, disability discrimination, retaliation, civil conspiracy, negligent supervision, and negligent infliction of emotional distress. The record, including Defendants' admissions and Plaintiff's testimony, supports findings that: (1) Defendants acted under color of law to deprive Plaintiff of equal protection; (2) Defendants acted in concert in denying Plaintiff benefits and support following his complaints; (3) Defendants had actual knowledge of discriminatory conduct and failed to take corrective action; and (4) Plaintiff suffered emotional and physical harm as a foreseeable result of Defendants'

---

[3] Burke admitted to having portrayed the Plaintiff's memorandum as "outlandish and comical," despite Captain Hamilton's statement supporting it. *PA-23.*

[4] Burke has also stated that he has used the word "guinea" on other occasions but that it is "not a word that [he] use[s] often." *PA-22.*

4

conduct. While the record strongly supports Plaintiff's claims, many involve factual disputes that must be resolved by a jury and accordingly, summary judgment would be inappropriate as to these claims.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant partial summary judgment in Plaintiff's favor on liability for heritage discrimination (Count II) and for such other relief as this Court deems just and equitable.

Dated: March 19, 2026

> Respectfully submitted,
> Joseph Pepicelli, Plaintiff
> By His Counsel,
>
> */s/ Cassidy E. Almon*
> _____
> Cassidy E. Almon, Esq. BBO# 710691
> Law Offices of Steven J. Marullo
> 435 Newbury Street, Suite 217
> Danvers, MA 01923
> Tel: 617-723-1111
> e-mail: cealmonlaw@gmail.com

## CERTIFICATE OF SERVICE

I, Cassidy E. Almon, Plaintiff's counsel herein, hereby certify that on this 19th day of March, 2026, I served the foregoing by e-mail or by mailing a copy hereof, by first class mail, to all counsel of record herein.

> */s/ Cassidy E. Almon*
> _____
> Cassidy E. Almon, Esq.

5