UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH PEPICELLI,            )
       Plaintiff,            )
                      )
                      )
v.            )    C.A. No. 1:23-cv-12406-MPK
                      )
EVERETT POLICE DEPARTMENT,            )
CITY OF EVERETT,            )
POLICE CHIEF STEVEN MAZZIE,            )
and LIEUTENANT NEIL BURKE,            )
       Defendants.            )
                      )

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff, Joseph Pepicelli ("Pepicelli"), was employed as a police officer with the Everett Police Department beginning in or about 2006. *PA-1.*

2. Defendant City of Everett operates the Everett Police Department. *PA-1.*

3. Defendant Steven Mazzie ("Mazzie") served as Chief of Police of the Everett Police Department from approximately 2003 until his retirement. *PA-27.*

4. Defendant Neil Burke ("Burke") is employed by the Everett Police Department and eventually achieved the rank of Captain. *PA-16.*

5. Pepicelli is of Italian heritage. *PA-1.*

6. Pepicelli was regarded as a good police officer during his employment and did not have any significant disciplinary issues. *Plaintiff's Affidavit; PA-42.*

7. On or about August 20, 2029, a work-place incident occurred between Pepicelli and Burke. *PA-1; PA-48.*

8. When Burke was confronted about the matter by Captain Paul Hamilton, Burke referred to Pepicelli as a "fucking guinea," a derogatory slur directed at individuals of Italian heritage. *PA-52.*

9. Burke made this statement to Captain Paul Hamilton ("Hamilton"), and a memorandum from Hamilton reported that Burke stated, "I am going to kill that fuckin' guinea[1]" in reference to Pepicelli. *PA-52.*

10. Burke admits that he has used the term "guinea" on other occasions. PA-22.

11. Burke admits that he referred to Pepicelli as a "kid" and believed him to be incompetent. *PA-21,22.*

12. Mazzie was informed of Burke's use of the slur, and Pepicelli complained to the Mayor's office regarding Burke's conduct. *Plaintiff's Affidavit; PA-46.*

13. The Mayor's Office then contacted the Chief and told him that the individuals involved should come in for a meeting with their union representatives. *Id.*

14. No formal meeting was held and union representatives were not present. *Plaintiff's Affidavit.*

15. Despite this knowledge, Burke was not disciplined for using the slur. *PA-23.*

16. Burke did not receive any anti-discrimination training either before or after the incident. *PA-23, 24.*

Dated: March 19, 2026

---

[1] Burke disputes making the full statement but admits using the slur itself.

Respectfully submitted,

Joseph Pepicelli, Plaintiff
By His Counsel,


*/s/ Cassidy E. Almon*

_____

Cassidy E. Almon, Esq. BBO# 710691
Law Offices of Steven J. Marullo
435 Newbury Street, Suite 217
Danvers, MA 01923
Tel: 617-723-1111
e-mail: cealmonlaw@gmail.com


## CERTIFICATE OF SERVICE

I, Cassidy E. Almon, Plaintiff's counsel herein, hereby certify that on this 19th day of March, 2026, I served the foregoing by e-mail or by mailing a copy hereof, by first class mail, to all counsel of record herein.


*/s/ Cassidy E. Almon*

_____

Cassidy E. Almon, Esq.