UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PEPICELLI,<br>          Plaintiff,<br><br>v.<br><br>EVERETT POLICE DEPARTMENT,<br>CITY OF EVERETT,<br>POLICE CHIEF STEVEN MAZZIE,<br>and LIEUTENANT NEIL BURKE,<br>          Defendants. | ) <br>) <br>) <br>) <br>)   C.A. No. 1:23-cv-12406-MPK<br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## <u>AFFIDAVIT OF PLAINTIFF JOSEPH PEPICELLI</u>

I, Joseph Pepicelli, hereby depose and state as follows:

1. I am the Plaintiff in the above-referenced action and have personal knowledge of the facts therein.

2. All of the statements made in this affidavit are based upon my own knowledge and I am submitting this affidavit in support of my claims in this action.

3. I was employed as a police officer with the Everett Police Department beginning in or about 2006.

4. I am of Italian heritage.

5. During my employment, I performed my duties as a police officer to the best of my ability and was regarded as a good officer.

6. During my employment, I had a work-related interaction with then-Sergeant Neil Burke.

7. Following that interaction, I learned that Mr. Burke referred to me as a "fucking guinea," a derogatory slur directed at my Italian heritage.

8. I further learned that Mr. Burke made this statement to Captain Paul Hamilton.

9. The term "guinea" is an offensive ethnic slur directed at individuals of Italian descent.

10. Learning that a superior officer referred to me in that manner was humiliating, upsetting, and offensive and caused me emotional distress and made me feel disrespected and targeted in my workplace.

11. I reported the incident to appropriate channels, including escalating the issue to the Mayor's Office, because I believed the situation was serious and was not being properly addressed internally.

12. To my knowledge, Mr. Burke was not disciplined for referring to me using this slur.

13. The lack of meaningful discipline reinforced my belief that discriminatory conduct was tolerated within the Department.

14. As a result, my work environment became uncomfortable and hostile and I felt unsupported by the Department's leadership.

15. In addition to the incident involving Mr. Burke, I experienced ongoing difficulties within the Department following my complaints.

16. After raising concerns, I felt that I was treated less favorably and that I was retaliated against for raising concerns.

17. Specifically, after I contacted the Mayor about my concerns, I was approached by then-Chief Steven Mazzie, who questioned why I went to the Mayor, and said "now I can't squash this."

18. These events contributed to the deterioration of my working conditions and my ability to continue my employment.

Signed under the pains and penalties of perjury this 16 day of March, 2026.

Joseph Pepicelli