JOSEPH PEPICELLI,
          Plaintiff,

v.                                   C.A. No. 1:23-cv-12406-MPK

EVERETT POLICE DEPARTMENT,
CITY OF EVERETT,
POLICE CHIEF STEVEN MAZZIE,
and LIEUTENANT NEIL BURKE,
          Defendants.

## DEFENDANT NEIL BURKE'S MEMORANDUM OF LAW IN CONNECTION WITH <u>HIS MOTION FOR SUMMARY JUDGMENT</u>

Defendant Neil Burke moves for summary judgment on the basis that (1) all claims asserted against him, whether statutory or common law, are subject to a three-year statute of limitations, and he is not alleged to have engaged in any conduct after November of 2019; (2) he was not named as respondent in the plaintiff's charge of discrimination, and therefore, plaintiff has not satisfied procedural prerequisites; and (3) tort claims asserted against him are barred by the Massachusetts Tort Claims Act.

## I. UNDISPUTED FACTS

Neil Burke is a Lieutenant with the Everett Police Department, and has been since 2003. Deposition of Neil Burke, at p. 6-7, attached as **Exhibit 1**. Neil Burke never supervised Joseph Pepicelli, although their shifts occasionally overlapped. Ex. 1 p. 9:6-9:12.

On August 20, 2019, Everett Police Captain Paul Hamilton engaged in a heated confrontation with Mr. Burke. Burke Dep., Exhibit 1, p. 10:15-14:15, 32:6-35:9. During this confrontation, referred to Mr. Pepicelli as a "guinea," an "asshole," and a "liar." Id. This incident occurred in August of 2019. Pepicelli Deposition, attached as Exhibit 2, at p. 47:22-48:3.

Mr. Pepicelli was not present during the incident. Burke Dep., Ex. 1, p. 10:15-14:15. However, Mr. Pepicelli mentioned the incident to then-mayor Carlo DeMaria. Deposition of Steven Mazzie, at p. 33:14-33:24, attached as Exhibit 3. Mayor DeMaria asked Everett Police Chief Steven Mazzie to take action. Ex. 3, p. 33:14-33:24, 34:11-34:24.

Chief Mazzie had an investigation conducted, which resulted in the taking of statements from Captain Hamilton, Mr. Burke, and witnesses. Id. After investigation, Mr. Mazzie spoke with Mr. Burke, and Mr. Burke apologized to Mr. Pepicelli. Mazzie Dep. Ex. 3, at p. 32:10-32:19; Burke Dep, Ex. 1 at 17:18-17:24. The investigation and apology occurred in November of 2019, after which, Mr. Pepicelli had no further contact with Mr. Burke. Burke Dep., Ex. 1 at 25:19-25:23.

Mr. Pepicelli does not contend that Mr. Burke took any action concerning his disability or retirement. Pep. Dep. Exhibit 2, at p. 54:23-55:4. Mr. Burke was not named as a respondent in Mr. Pepicelli's charge of discrimination. See Charge of Discrimination, attached as Exhibit 4.

## II. STANDARD

Summary judgment is warranted if the record, construed in the light most flattering to the nonmovant presents no genuine issue as to any material fact and reflects the movant's entitlement to judgment as a matter of law." *McKenney v. Mangino,* 873 F.3d 75, 80 (1st Cir. 2017), <u>cert. denied</u>, ─── U.S. ────, 138 S.Ct. 1311, 200 L.Ed.2d 475 (2018). "An issue is only 'genuine' if there is sufficient evidence to permit a reasonable jury to resolve the point in the nonmoving party's favor." *NASCO, Inc. v. Public Storage, Inc.,* 29 F.3d 28, 32 (1st Cir.1994). "When a plaintiff opposes summary judgment [he] bears 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.' For this purpose, [he] cannot rely on 'conclusory allegations, improbable inferences, acrimonious invective, or rank

speculation.'" *Miceli v. JetBlue Airways Corp., 914* F.3d 73, 80–81 (1st Cir. 2019) (citing

*Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003) *and Ahern v. Shinseki,* 629 F.3d

49, 54 (1st Cir. 2010))

### III. ARGUMENT

A. NEIL BURKE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE ALL CLAIMS
AGAINST HIM ARE TIME-BARRED.

A three-year statute of limitations applies to claims under G.L. c. 151B, the Americans

with Disability Act, claims asserting "negligent supervision" "negligent infliction of emotional

distress" "civil conspiracy" and claims brought pursuant to 42 USC 1983. *See Davis v. Lucent*

*Techs., Inc.,* 251 F.3d 227, 235 (1st Cir. 2001) (G.L. c. 151B); *Rae v. Woburn Pub. Sch.,* 113

F.4th 86, 99 (1st Cir. 2024) *cert. denied*, 145 S. Ct. 1431 (2025) (G.L. c. 151B); *Thomas v. Town*

*of Salisbury,* 134 F. Supp. 3d 633, 644 (D. Mass. 2015) (42 USC § 1983); G. L. c. 260 § 2A

(Massachusetts tort statute of limitations is three years). The statute of limitations runs from the

date of the wrongful act, rather than the date on which the effects of the actions are felt. *Pagliuca*

*v. City of Bos.,* 35 Mass. App. Ct. 820, 822 (1994) (where plaintiff alleges she was wrongfully

removed from supervisory position in January, but stopped working at the end of February, due

to panic attack from stress of removal from supervisory position, statute of limitations started

running in January).

*1. Neil Burke cannot be liable for the incident in August of 2019, because that incident*
*occurred more than three hundred days prior to the filing of a charge of*
*discrimination, and more than three years prior to filing suit.*

"Under Massachusetts law, a statute of limitations begins to run when a plaintiff knows,

or should have known, that she has been harmed by the conduct giving rise to the claim."

*Lee v. Howard Hughes Med. Inst.*, 607 F. Supp. 3d 52, 66–67 (D. Mass. 2022) "[D]iscrete

discriminatory acts are not actionable if time barred, even when they are related to acts alleged in

timely filed charges." *Rae v. Woburn Pub. Schs.*, 113 F.4th 86, 102 (1st Cir. 2024). A plaintiff cannot escape the statute of limitations by "[f]raming discrete claims as non-discrete components of a single retaliatory harassment claim." *Id.* at 103.

Neil Burke is alleged to have used a slur – the term "guinea" – to refer to Joseph Pepicelli in August of 2019. Mr. Pepicelli was not present at the time. However, Mr. Pepicelli learned of the incident before November of 2019, when he complained about it to Mayor Carlo DeMaria. Mr. Pepicelli had no contact with Mr. Burke after November of 2019. Mr. Pepicelli filed his charge of discrimination more than a year later, in April of 2021. Mr. Pepicelli filed suit nearly four years later, in September of 2023. Neither the charge of discrimination nor the suit was timely filed. Any claims arising from this incident are time-barred. Neil Burke is entitled to judgment as a matter of law.

### 2. Neil Burke is entitled to judgment as a matter of law as to the Section 1983 Claims, as these claims are time-barred.

"For section 1983 claims, a federal court applies the forum state's limitation period governing personal injury actions. *Bettencourt v. Town of Mendon*, 334 F. Supp. 3d 468, 482–83 (D. Mass. 2018) (*citing Coll. Hill Properties, LLC v. City of Worcester*, 135 F.Supp.3d 10, 14 (D. Mass. 2015), aff'd, 821 F.3d 193 (1st Cir. 2016)). "Massachusetts has a three-year statute of limitations for personal injury actions, pursuant to G. L. c. 260, § 2A." *Id.*

As noted above, Neil Burke is not alleged to have engaged in any conduct after November of 2019. Suit was filed in September of 2023, nearly four years later. Any claim asserted under Section 1983 is time-barred.

4

***3. Neil Burke is entitled to judgment as a matter of law as to the plaintiff's tort claims, as those claims are time-barred.***

G. L. c. 260, § 2A provides:

Except as otherwise provided, actions of tort, actions of contract to recover for personal injuries, and actions of replevin, shall be commenced only within three years next after the cause of action accrues.

G. L. c. 260, § 2A governs both intentional and negligent torts. *Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 458 F. Supp. 3d 95, 106 (D. Mass. 2020) (listing misrepresentation, conversion, misappropriation, and unjust enrichment claims as subject to this three-year statute of limitations); *Flores v. OneWest Bank, F.S.B.*, 886 F.3d 160, 163 (1st Cir. 2018) (applying statute of limitations to tort-like wrongful foreclosure declaratory judgment).

Plaintiff's claims, to the extent relief is sought based on common-law principles, are subject to a three-year statute of limitations. His claims for "Civil Conspiracy," "Negligent Infliction of Emotional Distress" and "Negligent Supervision" are subject to the three-year statute of limitations. As Mr. Burke is not alleged to have engaged in any conduct within the three years prior to filing suit, Mr. Burke is entitled to judgment as a matter of law as to these claims.

B. NEIL BURKE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S COMMON-LAW CLAIMS, AS A PUBLIC EMPLOYEE ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT.

"The Massachusetts Tort Claims Act ("MTCA") insulates public employees from negligence claims, as long as the employee was acting within the scope of her employment." *Aaron v. City of Lowell*, 666 F. Supp. 3d 102, 119 (D. Mass. 2023) (citing *Canales v. Gatzunis*, 979 F. Supp. 2d 164, 174 (D. Mass. 2013) (explaining that the MTCA both "authorizes certain

negligence actions against public employers" and "shields public employees from personal liability for negligent conduct"); *see also Doe v. Fournier*, 851 F. Supp. 2d 207, 224 (D. Mass. 2012), on reconsideration in part (Mar. 20, 2012) (conduct as supervisor was within "scope of employment").

Neil Burke is alleged to have acted, in the incident described, during the scope of his employment. The confrontation occurred while discussing an incident with a superior officer. It occurred on police department premises. Mr. Burke was a "public employee." As such – even if there were no issue with the statute of limitations -- he cannot be liable in tort.

C. NEIL BURKE WAS NOT NAMED AS A RESPONDENT, NOR WAS A CLAIM OF "NATIONAL ORIGIN" DISCRIMINATION ASSERTED, IN THE PLAINTIFF'S CHARGE OF DISCRIMINATION, AND THEREFORE, PLAINTIFF'S CLAIMS AGAINST HIM ARE NOT COGNIZABLE UNDER G.L. C. 151B, TITLE VII, OR THE ADA.

"The MCAD has been charged by the Legislature with addressing certain types of discrimination in the Commonwealth[.]" *Everett v. 357 Corp.,* 453 Mass. 585, 599 (2009). Those alleging claims under G. L. c. 151B cannot bring a civil suit to court directly; they must first file a verified complaint with the MCAD. *Dunn v. Langevin*, 492 Mass. 374, 377 (2023). "In general, the MCAD complaint establishes the claims and factual allegations for the subsequent filing in Superior Court" which means that "a plaintiff cannot add additional claims ... that are outside the scope of the MCAD charge...." *Everett v. 357 Corp.,* 453 Mass. 585, 602 (2009). A person may be named as a defendant, if they were not named as a respondent, only if the "if the conduct of the party was put in issue by the charge and the party had notice of and an opportunity to conciliate the charge." *Urella v. Verizon New England Inc.,* No. CV 22-11606-FDS, 2024 WL 1075300, at *3 (D. Mass. Mar. 12, 2024).

Plaintiff's Charge of Discrimination identified as respondent "Everett Police Department." Plaintiff alleged that he was discriminated on "on the basis of disability,

retaliation." *See* Ex. 4. Plaintiff described the incident with Neil Burke; however, it was alleged only as a basis for the plaintiff's "retaliation" claim. Therefore, Mr. Burke was not "on notice" and was deprived of the opportunity to conciliate; likewise, to the extent that the plaintiff now demands relief for incidents other than those described in his Charge of Discrimination, Mr. Burke is entitled to judgment as a matter of law for failure to satisfy the procedural prerequisites for filing.

CONCLUSION

Defendant Neil Burke is entitled to judgment as a matter of law as to each claim asserted against him by the Plaintiff, as each claim is time-barred, not cognizable at law, or the plaintiff has failed to satisfy procedural prerequisites for suit.

Respectfully Submitted,

The Defendant,
NEIL BURKE,
By his Attorneys,

_____
Nora R. Adukonis, BBO No. 676932
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940-2682
Tel:  (781) 309-1500
adukonis@litchfieldcavo.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Nora R. Adukonis, hereby certify that on this 19th day of March 2026, a copy of the foregoing was filed electronically through CM/ECF and notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Nora R. Adukonis