# EXHIBIT
# 4

Date: June 22, 2021

Everett Police Department
Human Resources
55 Elm Street
Everett, MA 02149

RE: Joseph Pepicelli vs Everett Police Department
MCAD Docket Number:21BEM00978
EEOC/HUD Number: 16C-2021-01040

## SERVICE OF COMPLAINT AND NOTICE OF INVESTIGATIVE CONFERENCE

Dear Respondent:

The Massachusetts Commission Against Discrimination (MCAD) has received the above complaint of discrimination which alleges that you have committed an act of discrimination against the Complainant. A copy of the complaint is enclosed. The Commission has assigned a staff person to conduct an impartial investigation of the complaint. This MCAD Investigator will keep the parties informed of the course of the investigation.

You must preserve all information and documents that may be (or lead to) evidence relevant to the charge of discrimination, as required by MCAD regulations found at 804 CMR 1.05(1) (2020).

You are also required to submit a formal written answer to the complaint, called a position statement, in accordance with 804 CMR 1.05(8)(a) and (d) (2020). The position statement must be submitted 21 days of receipt of this notification. You must sign the position statement under the pains and penalties of perjury, and, if you have an attorney, your attorney must also sign the position statement. A copy of the position statement must also be forwarded to the Complainant at the address listed on the enclosed complaint. Failure to file a position statement within the prescribed time may result in sanctions being imposed in accordance with 804 CMR 1.07 (2020).

In order to reduce the time necessary to investigate and resolve complaints of discrimination, the MCAD has scheduled an investigative conference with the parties, which will be held on 10/08/21 at 10:30 AM. The Investigator will contact you regarding the logistics (telephone, video conference, or in person) for the investigative conference. Your attendance at the investigative conference is mandatory, and a failure to attend may result in an investigative default in favor of Complainant, or other consequences as outlined in 804 CMR 1.05(10)(e) (2020).

Pursuant to 804 CMR 1.06 (2020), the Commission may be able to offer the parties free mediation of the dispute as an alternative to often lengthy and expensive litigation. Please note, however, that absent special circumstances, the Commission will not conduct a mediation prior to the filing of the position statement.

Please be advised that position statements should be addressed to Tania Taveras, Administrative Assistant. If you have any questions concerning position statements please contact Tania Taveras at 617-994-6066 or tania.taveras@mass.gov.

If you have any questions pertaining to the investigative conference, please contact Joan Beron at 617-994-6000 or joan.beron@mass.gov.

Sincerely,

Joan Beron
Investigator

| | |
|---|---|
| MCAD DOCKET NUMBER: 21BEM00978 | EEOC/HUD CHARGE NUMBER: 16C-2021-01040 |
| FILING DATE: 06/03/21 | VIOLATION DATE: 02/26/21 |

Name of Aggrieved Person or Organization:
Joseph Pepicelli
115 Pemperton Street
Revere, MA 02151
Primary Phone: (617)828-9766

Named is the employer, labor organization, employment agency, state/local government agency, or other entity who discriminated against me:
Everett Police Department
Human Resources
55 Elm Street
Everett, MA 02149

No. of Employees:          25+

Work Location: Everett, MA

Cause of Discrimination based on:
Disability, Back injury or problem (e.g. removed disc); Retaliation, Retaliation.

The particulars are:
I, Joseph Pepicelli, the Complainant believe that I was discriminated against by Everett Police Department, on the basis of Disability, Retaliation. This is in violation of M.G.L. 151B Section 4 Paragraph 4; M.G.L. 151B Section 4 Paragraph 16 and Title VII, ADA.

On July 2006, I began working for the Respondent Everett Police Department (Respondent). Since I started working there, Neil Burke, who was a sergeant when I started as a patrol man, has called me insulting names based on my Italian heritage including "Guinea".

I am disabled with a degenerative disk disorder, torn bicep tendon, and injuries to my spine, lower back and neck. These disabilities were caused or exacerbated by injuries sustained in the performance of my duties as a police man on or about February of 2015 and March of 2017.

In or around 2017, I began receiving physical therapy for my back and other injuries. The Chief of Everett Police, Steven Mazzie (Chief Mazzie), refused to recognize my disability claims, and I had to get help from the mayor to get my rights as a disabled police officer.

On or about November 2019, I called Burke and asked him to help me with a problem during a police detail. He became angry and later said to the Captain Paul Hamilton, (PH), who was on duty at the time, "I am going to kill that fucking Guinea" multiple times. PH reported these slurs to the Chief Mazzie. Chief Mazzie asked me to write a report on my issues with Burke. I submitted a report detailing Burke's behavior and use of slurs towards me over the years. However Mazzie took no action. About a week after the incident, I ran into the mayor in the street, and I informed him regarding the incident with Burke and the slurs. The Mayor called Chief Mazzie and asked him to take action. In response, chief Mazzie became angry with me saying "why did you go the mayor? Now I can't squash this." Even after this, I don't know if Respondent took any action against Burke.

In or around February 2021, my doctors informed Chief Mazzie and me that I could not work due to my disability. Chief Mazzie ordered me to involuntarily retire rather than allow me to retire due to disability. This retirement status did not

MCAD Docket Number 21BEM00978, Complaint

allow for disability payments. I asked Chief Mazzie if he was doing this to me because I had complained to the mayor about my disability claims and Burke's slurs. He responded, "Yep, you made your bed, now sleep in it."

I believe that Respondent has discriminated against me due to my disability by not recognizing my disability and giving me the benefits I am entitled to. I further believe that Respondent has retaliated against me due my complaints about disability and ancestry discrimination by preventing me from receiving my rightful retirement benefits.

---

I hereby verify, under the pains and penalties of perjury that I have read this complaint and the allegations contained herein are true to the best of my knowledge.


(Signature of Complainant)

From: Joseph Pepicelli <joepep223@comcast.net>
Sent: Thursday, June 3, 2021 12:37 AM
To: Bove, Eric (CAD) <eric.bove@mass.gov>
Subject: Re: Joe Pep Draft Complaint for Approval

CAUTION: This email originated from a sender outside of the Commonwealth of
Massachusetts mail system. Do not click on links or open attachments unless you recognize
the sender and know the content is safe.


I agree to the explanation of my situation.
Thank you
Joseph Pepicelli
617-828-9766


On Jun 2, 2021, at 10:45 PM, Bove, Eric (CAD) <eric.bove@state.ma.us> wrote:


Joseph Pepicelli:

On June 1, 2021, I spoke with you regarding events that occurred between 2017 and March 2021.

I have drafted a summary of the events that you described to me and created a complaint based on those
events. Attached please find a copy of that complaint that you intend to file with the Commission.

Please review the complaint and verify that it is true and correct. If the complaint is true and correct, you
may file the complaint electronically by replying to this email that you agree to the following language:

> Instead of providing my handwritten signature as required by 804 CMR 1.04(5) (2020), by
> submitting the attached complaint via electronic mail to the MCAD for filing I hereby verify
> under the pains and penalties of perjury that the allegations within the attached complaint
> are true to the best of my knowledge. Also by submitting the attached complaint via
> electronic mail, I acknowledge that the MCAD's relaxation of the handwritten signature
> requirement in 804 CMR 1.04(5) (2020) is exclusively in response to the extraordinary
> circumstances caused by the COVID – 19 public health emergency, and may be rescinded
> at any time; therefore I agree and understand that the MCAD may ultimately require my
> handwritten signature in order to verify the attached complaint, and my failure to provide a
> handwritten signature if requested by the MCAD may result in the dismissal of the
> attached complaint.

In order to complete the processing of the complaint, I need to receive your reply email agreeing to the
above language as soon as possible, and no later than one business day from the date of this email. We
do not accept faxed copies of complaints. Please be advised that until you reply to this email
agreeing to the above language, you have not filed a complaint with the Massachusetts
Commission Against Discrimination (MCAD).

Please also be advised that if we do not hear back from you regarding your complaint within one
(1) business day from the date of this email, we will assume that you no longer wish to file a
complaint with the MCAD at this time.

IMPORTANT: You have 300 days from the last act of discrimination in employment, housing and public accommodations to file a complaint at the MCAD. You have six months from the last act of discrimination in education to file a complaint. Scheduling your intake interview does not pause the time limit to file a complaint. Failure to submit a timely complaint may result in your losing your right to pursue your claim(s).

Please feel free to contact me should you have any questions.

Thank you,

Eric Bove
Eric.Bove@mass.gov
617-994-6086

This communication and/or document including all attachments are intended only for the use of the person to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, copying or use of this communication and/or document is strictly prohibited. If you have received this communication and/or document in error, please notify me immediately at the e-mail address above and delete and/or destroy all electronic and/or paper copies of this communication and/or documents including any attachments.
<Phone Intake Shell Complaint .docx Pepicelli intake final edits.docx>

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Everett Police Department
Human Resources
55 Elm Street
Everett, MA 02149

Person Filing Charge: Joseph Pepicelli
This Person (Check One): ( ) Claims to be aggrieved
( ) Is filing on behalf of
Date of Alleged Violation: 02/26/21
Place of Alleged Violation: Everett, Police Department
EEOC Charge Number: 16C-2021-01040
MCAD Docket Number: 21BEM00978

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [ ] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)
Has been received by
[ ]    The EEOC and sent for initial processing to   MCAD
          (FEP Agency)
[ ]    The Mass. Commission Against Discrimination
    (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]    As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]    An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]    Enclosure: Copy of the Charge

Basis of Discrimination

| ( ) Race | ( ) Color | ( ) Sex | ( ) Religion | ( ) National Origin |
|---|---|---|---|---|
| ( ) Age | ( ) Disability | ( ) Retaliation | ( ) Other | |

Circumstances of alleged violation:
    SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

EEOC Charge Number 16C-2021-01040, EEOC Transmittal Letter to Respondent

| Date | Type Name/Title of Authorized EEOC Official | Signature |
| 6/22/2021 | Feng An, Director | |

# COMMONWEALTH OF MASSACHUSETTS
# COMMISSION AGAINST DISCRIMINATION (MCAD)

## INVESTIGATIVE CONFERENCES

### WHO?
- The MCAD investigator will lead the conference.
- Complainant is expected to attend, with legal counsel (if represented).
- All named Respondent(s) must attend. Respondent's legal counsel should attend with one representative of Respondent who has first-hand knowledge of the facts of the case.
- Do not bring witnesses unless requested by the MCAD investigator.
- Attorneys must file a Notice of Appearance before or at the time of the conference.
- If you do not speak English, please provide the investigator with adequate notice before the conference.

### WHY?
- Investigators hold conferences to gather evidence, identify disputed issues, and clarify the parties' positions. Conferences give the investigator an opportunity to ask specific questions in person about issues and facts relevant to determining whether probable cause exists.
- Investigative Conferences permit the parties to meet the investigator and to present the facts or evidence most relevant to the investigation.

### WHAT?
- Each conference typically lasts 20 minutes.
- Be fully prepared to answer questions from the investigator about the facts of the case. The investigator will ask questions of both parties and may issue requests for additional information.
- Some investigators hold conferences with several cases in the room at one time. Be courteous and quiet during all conferences. Turn off or silence cell phones.
- What to Bring:
  - Your copy of all submitted documents (i.e. complaint, position statement, and rebuttal).
  - Paper and pen to take notes on the investigator's information requests.
- What Not to Do:
  - Discourteous behavior will not be tolerated.
  - This is not a hearing.
    - Cross-talk between the parties is prohibited.
    - There will be no cross examination.
    - Argument of motions will not be permitted.
  - Do not prepare a long opening statement. The investigator may permit a very brief statement.
  - This is not mediation. If you are interested in mediation/settlement, notify the investigator.

COMMONWEALTH OF MASSACHUSETTS
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000   Fax: (617) 994-6024

## INSTRUCTIONS FOR SUBMITTING DOCUMENTS, PLEADINGS AND ATTACHMENTS

1. Do not use binders of any sort.

2. No double sided pages.

3. Do not punch holes in any documents.

4. Do not use any staples or tabs within your documents. However, clips of any style are acceptable.

5. Separate each answer with colored paper marked with the exhibit number.

6. Each question MUST be answered fully and without redaction of information except for redactions required by 804 CMR 1.21(4) (2020), as outlined below in paragraph 11. If you have concerns about the information to be provided, please contact the investigator prior to the due date.

7. Do not use legal sized paper. Documents and pleadings should be submitted on paper that is 8.5"X11".

8. Because scanned documents become illegible, do not highlight text. If there is information on the page that you wish to point out, place a colored, *removable* tab on the page itself by the information or otherwise identify the information in your materials.

9. For clearest scanning resolution, use a print font that is at least 12 point. All other written materials must be legible.

10. Please make sure that your documents are clearly referencing the assigned case docket number.

11. Parties and counsel must withhold or redact personal data identifiers in all filings, whether electronic or paper filings, as required by 804 CMR 1.21(4) and (5) (2020). The following personal identifiers shall be withheld if possible, or else redacted:

# MCAD
# Electronic Instructions for Submitting
# Position Statements Only

The MCAD requests that you electronically submit your Position Statement.

- Please email your Position Statement to bospositionstmts@mass.gov

- In the Subject Line of your email, you must include your docket number, party names, and the first and last name of the MCAD Investigator assigned to your case. This information has been provided to you in the enclosed letter.

An example of the Subject Line entry, per the above requirements would be:

Docket Number - Parties – Investigator First and Last Name

19BPH1·1111 - Bob Smith v. XYZ Entity – Michael Memmolo

The legal requirements for electronically submitting position statements are:

All position statements must be:

1. Signed by counsel, if represented by counsel and
2. Include the signed sworn affirmations of all Respondents.

MCAD regulations (804 C.M.R. §1.05(8)(c)) require you to serve printed copies of your position statement, including all attachments, if



# The Commonwealth of Massachusetts
## Commission Against Discrimination

THE JOHN W. McCORMACK BUILDING
1 ASHBURTON PLACE • ROOM 601 • BOSTON, MA 02108-1524



CHARLES D. BAKER
GOVERNOR

KARYN E. POLITO
LIEUTENANT GOVERNOR

SUNILA THOMAS GEORGE
CHAIRWOMAN

MONSERRATE QUIÑONES
COMMISSIONER

NELDY JEAN-FRANCOIS
COMMISSIONER

## NOTICE OF OPTION TO MEDIATE

As a party to a pending complaint at the Massachusetts Commission Against Discrimination, the Commission invites you to participate in an effort to resolve the complaint through mediation. Mediation is as process offered by the Commission at no cost in which parties involved in the charge of discrimination meet together with a mediator at the Commission and work to try and resolve the case before the investigation is complete and an initial finding has been made.

Mediation is not mandatory. However, it is highly recommended for its advantages. Its goal is an early resolution which can save the parties time and costs and avoid the draining of the parties' resources, energies and emotions. It is a voluntary, non-adversarial process in which the mediator assists the parties to acknowledge factual and legal issues, review the relative strengths and weaknesses of their positions, identify individual and common interests and explore settlement alternatives.

Please note that absent special circumstances, the Commission will not conduct a mediation prior to the filing of the position statement. Also, both parties must elect to participate in mediation or it will not be scheduled. If both parties do not elect to mediate, the investigation will continue. Similarly, if mediation fails, the Commission's investigation will continue.

If you choose to participate in mediation at the Commission, please leave a detailed message for Vanessa Davila within ten (10) days of receipt of this Notice by calling (617) 994-6033 or by emailing Vanessa.Davila@mass.gov.