UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH PEPICELLI,
                    Plaintiff,

v.                                                    C.A. No. 1:23-cv-12406-MPK

EVERETT POLICE DEPARTMENT,
CITY OF EVERETT,
POLICE CHIEF STEVEN MAZZIE,
and LIEUTENANT NEIL BURKE,
                    Defendants.

**DEFENDANTS, THE EVERETT POLICE DEPARTMENT, THE CITY OF EVERETT, AND STEVEN MAZZIE'S RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

Pursuant to Local Rule 56.1, defendants state that the following facts are undisputed, for purposes of summary judgment:

1.      On July 24, 2006, at the age of forty-seven, Joseph Pepicelli was hired by the Everett Police Department, as a patrol officer. Mr. Pepicelli had previously served as a police officer with the Boston Municipal Police. Pl. Compl. at P 8.

2.      Throughout his career with the City of Everett Mr. Pepicelli submitted approximately nine requests for "Injured on Duty" benefits pursuant to G. L. c. 41 § 111F, as well as various claims for medical expense reimbursements pursuant to G. L. c. 41 § 100.  See Injured On Duty Requests, attached as **Exhibit 1**.

3.      Mr. Pepicelli reported an injury to his shoulder from a fall on steps on February 2, 2025, and was on "injured on duty" from February 3, 2015 to April 4, 2016. During this leave, he had surgery on the affected shoulder. See Application for Disability Retirement Benefits, attached as **Exhibit 2**.

4.      On August 21, 2017, Mr. Pepicelli submitted a request for "injured on duty" leave, relating to an injury sustained in March of 2017, as a result of a slip and fall on black ice in the police station parking lot. See Injured On Duty Requests, attached as Exhibit 1.

5.      The request was allowed by benefits administrator Cook & Company on September 6, 2017. Mr. Pepicelli took injured-on-duty leave from August of 2017 through December 28, 2017. See Cook & Company Letter, Leave Statement, attached as **Exhibit 3** and **Exhibit 4**.

6.      In June of 2019, Mr. Pepicelli sought injured-on-duty leave for an injury sustained arresting a suspect.  Mr. Pepicelli stated he fell to the ground, resulting in an injury to his back and knee. Injured-on-duty leave was granted, and Mr. Pepicelli was cleared for return to work on July 9, 2019. See Application for Disability Retirement, Exhibit 2.

7.      On August 20, 2019, Mr. Pepicelli was working a "detail" providing security and traffic control near a construction site. See Pepicelli Deposition, p. 47-48, attached as **Exhibit 5**.

8.      Mr. Pepicelli called the police station, to try to resolve an issue with towed vehicles, and spoke with Neil Burke, a lieutenant. Mr. Burke was unable to resolve the matter, and Mr. Pepicelli was left believing that Mr. Burke was "mad" at him.  See Statement, Exhibit 7 to Pepicelli Deposition, at p. 4, attached as **Exhibit 6**; Deposition of Neil Burke, attached as **Exhibit 7** at p. 32:6-35:9.

9.      Mr. Pepicelli reported the conversation to Paul Hamilton, a captain with the Everett Police Department. See Ex. 6, at p. 4.

10.      Mr. Hamilton confronted Mr. Burke about his conversation with Mr. Pepicelli. Mr. Pepicelli was not present at the time. During the conversation, Mr. Burke lost his temper, and referred to Mr. Pepicelli as a "guinea."  Burke Dep. Ex. 7, at p. 10-14.

11.     Mr. Pepicelli mentioned the incident to then-mayor Carlo DeMaria in November of 2019. Deposition of Steven Mazzie, at p. 33:14-33:24, attached as **Exhibit 8**.

12.     Mayor DeMaria asked Everett Police Chief Steven Mazzie to take action. Ex. 8, p. 33:14-33:24, 34:11-34:24.

13.     Mr. Mazzie directed an officer to investigate the incident. Mr. Pepicelli, Mr. Hamilton, and Mr. Burke gave statements. Statements were also taken from witnesses to the interaction between Mr. Hamilton and Mr. Burke. See Witness Statements, attached as **Exhibit 9**.

14.     Mr. Mazzie spoke with Mr. Burke, and Mr. Burke apologized to Mr. Pepicelli. Mazzie Dep. Exhibit 8, at p. 32:10-32:19; Burke Dep, Exhibit 7 at 17:18-17:24.

15.     Mr. Pepicelli had no further contact with Mr. Burke. Burke Dep. at 25:19-25:23.

16.     On June 10, 2020, Mr. Pepicelli sought to make an appointment with a physical therapist for treatment of his neck and back. See Email, Exhibit 5 to Pepicelli Deposition, attached as **Exhibit 10**.

17.     Mr. Pepicelli advised his physical therapist that his appointment would not be covered as an on-duty injury[1] as there was not an open claim. Email, Exhibit 6 to Pepicelli Deposition, attached as **Exhibit 11**.

18.     On July 10, 2020, Mr. Pepicelli asked Mr. Mazzie to correct the issue, as Mr. Pepicelli believed that the physical therapy should be considered medical treatment for an on-duty injury. See email dated July 10, 2020, attached as **Exhibit 12**.

---

[1] Entitlement to reimbursement for medical bills and costs of treatment for injuries sustained in the line of duty is governed by G.L. c. 41 § 100, while salary replacement is governed by G. L. c. 41 § 111F. The statutes have slightly different requirements and entirely different procedures for review. See *City of Lawrence v. Lawrence Patrolmen's Ass'n*, 56 Mass. App. Ct. 704, 708 (2002).

19.     Mr. Mazzie sought information from the claims administrator, concerning whether the current request for treatment was related to the claim allowed in 2017.  See email, attached as **Exhibit 13**.

20.     On September 1, 2020, Mr. Pepicelli's request for reimbursement of medical payments was denied due to lack of information. See Letter, attached as **Exhibit 14**.

21.     On October 17, 2020, Mr. Pepicelli called in sick to his regularly-scheduled shift. Thereafter, Mr. Pepicelli submitted documentation from his medical providers that he would be unable to return to work.  See Medical Provider Letters, attached as **Exhibits 15, 16, and 17**.

22.     Mr. Pepicelli used all of his "sick" and "vacation" time in October, November, and December of 2020. See Sick Time, Vacation Time, and Personal Time, attached as **Exhibit 18**.

23.     On December 18, 2020, the Everett Police Department filed an involuntary application for superannuation retirement with the Everett Retirement Board, signed by Steven Mazzie as the "Department Head." The application explained the basis upon which retirement was sought:

> During the month of October, 2020, I received correspondence from Officer Pepicelli's treating physician documenting that because of safety reasons he would no longer be able to continue in his capacity as a Police Officer.
>
> Given the above, I hereby respectfully request that this application be processed as set forth in M. G. L. Chapter 32, Section 16, so that Officer Pepicelli may receive the retirement he is entitled to and I can free up a slot for an individual capable of reporting for duty as scheduled…
>
> I have been advised that if Officer Pepicelli feels that he is eligible for an accidental disability retirement he is free to seek one and if ultimately granted, he would be made whole back to the date of his superannuation retirement.

See Involuntary Application for Retirement, attached as **Exhibit 19**.

24. On December 31, 2020, Mr. Pepicelli objected to the application and requested a private hearing. Letter from Timothy Smyth, dated December 31, 2020, attached as **Exhibit 20**.

25. On January 27, 2021, the Everett Retirement Board denied the application, and Mr. Pepicelli was reinstated. Per the collective bargaining agreement, Mr. Pepicelli was granted additional sick and vacation time upon reinstatement. See Vacation, Sick, and Personal Time, Exhibit 18.

26. Mr. Pepicelli exhausted his sick and vacation time as of February 21, 2021. See Vacation, Sick, and Personal Time, Exhibit 18.

27. On February 21, 2021, Mr. Pepicelli submitted a voluntary application for superannuation retirement, which was subsequently amended to seek accidental disability retirement. See Exhibit 2, Memorandum; See Application for Disability Retirement, attached as **Exhibit 21**.

28. Mr. Pepicelli underwent the required medical examinations in October of 2021. See Exhibit 2.

29.     Mr. Pepicelli's application for accidental disability retirement was granted on April 14, 2022.

Respectfully Submitted,
The Defendants,
EVERETT POLICE DEPARTMENT, CITY OF
EVERETT and STEVEN MAZZIE,
By their Attorneys,

Nora R. Adukonis, BBO No. 676932
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940-2682
Tel:  (781) 309-1500
adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 19th day of March 2026, a copy of the foregoing was filed electronically through CM/ECF and notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Nora R. Adukonis