JOSEPH PEPICELLI,
        Plaintiff,

v.
                                                   C.A. No. 1:23-cv-12406-MPK

EVERETT POLICE DEPARTMENT,
CITY OF EVERETT,
POLICE CHIEF STEVEN MAZZIE,
and LIEUTENANT NEIL BURKE,
        Defendants.

## DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S "PARTIAL" MOTION FOR SUMMARY JUDGMENT

Plaintiff contends that he is entitled to summary judgment as to his national origin discrimination claims, because defendants do not dispute that "guinea" is a slur, and Neil Burke used the word to refer to the plaintiff during a confrontation with Captain Paul Hamilton in November of 2019. Plaintiff cites no authority for the proposition that a single use of a slur, outside the plaintiff's presence, can give rise to liability under G.L. c. 151B. Plaintiff further does not engage with the timeliness of his claim under the statute. Plaintiff has not met the high bar to be met by a party who seeks summary judgment on an issue where they bear the burden of proof at trial. Summary judgment in favor of the plaintiff must be denied.

## I. STATEMENT OF FACTS

Defendant states that these facts demonstrate that the following facts establish that plaintiff is not entitled to judgment as a matter of law as to his claims against the City of Everett:

In August of 2019, Mr. Pepicelli was working a "detail" providing security and traffic control near a construction site. *See* Deposition of Neil Burke, attached as **Exhibit 1**, at p. 32-35. A controversy arose when construction worker vehicles were towed. *Id.* Mr. Pepicelli called the

Police Department, to attempt to secure some kind of intervention. *Id.* Neil Burke answered the call, however, had lost his voice and found it difficult to talk. *Id.* Mr. Pepicelli wanted Mr. Burke to try to persuade the tow company to release the vehicles; Mr. Burke was unable to do so. *Id.* Mr. Pepicelli tried to secure help from other officers, but was unable to achieve his goal. Mr. Burke was frustrated. *Id.*

Later that day, Captain Paul Hamilton confronted Mr. Burke about his conversation with Mr. Pepicelli. Ex. 1 at p. 10-14. Mr. Pepicelli was not present at the time. *Id*. Mr. Burke lost his temper, and referred to Mr. Pepicelli as a "little guinea." *Id.*

Subsequently, Mr. Pepicelli reported this incident to Mayor Carlo Demaria, who requested that Chief Mazzie investigate and respond. Deposition of Steven Mazzie, attached as **Exhibit 2**, at p. 32-34. An investigation occurred, and the facts of the incident were confirmed. *Id.* Mr. Burke apologized to Mr. Pepicelli for use of the slur. Ex. 2 at p. 32. The incident did not recur. Ex. 1 at p. 17, 25. Mr. Burke had no further contact with Mr. Pepicelli or Captain Hamilton. Ex. 1 at p. 25.

Neil Burke was a lieutenant in 2019. However, Neil Burke did not command any shift to which Mr. Pepicelli had been assigned. *See* Ex. 1 at p. 9. Mr. Burke had not commanded any shift to which Mr. Pepicelli had been assigned. See Exhibit 1, at p. 9. (See also Deposition of Joseph Pepicelli, attached as **Exhibit 3** at p. 15-16, asserting that he had not been supervised by Mr. Burke since at least 2010).

## II. ARGUMENT

"When evaluating a motion for partial or full summary judgment, the court views the evidence through the prism of the evidentiary standard of proof that would pertain at trial." *Anderson v. Liberty Lobby Inc*., 477 U.S. 242, 255 (1986) *as cited and discussed in E. Piphany,*

*Inc. v. St. Paul Fire & Ma-rine Ins. Co.*, 590 F. Supp. 2d 1244, 1250 (N.D. Cal. 2008). While "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact," (Fed. R. Civ. P. 56(1)(B) Advisory Committee's Notes (2010)) "[i]f the party moving for summary judgment bears the burden of proof on an issue, that party "must provide evidence sufficient for the court to hold that no reasonable trier of fact could find other than in its favor.'" *Tito v. N.H. State Prison Warden*, No. 18-CV-025-SM, 2020 WL 1452083, at *2 (D.N.H. Mar. 25, 2020) (citing *Am. Steel Erectors, Inc. v. Local Union No. 7, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers*, 536 F.3d 68, 75 (1st Cir. 2008)).

**A. Plaintiff has not demonstrated that he was subjected to a "hostile working environment" as a result of Neil Burke's statement during the confrontation with Captain Paul Hamilton.**

Plaintiff, to demonstrate liability for "hostile working environment" under G. L. c. 151B or Title VII must demonstrate that he "was subjected to severe or pervasive harassment that materially altered the conditions of [his] employment." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 179 (1st Cir. 2008) (citing *Noviello v. City of Boston,* 398 F.3d 76, 92 (1st Cir.2005); *Faragher v. City of Boca Ratón*, 524 U.S. 775, 786 (1998)). Such harassment must be "sufficiently severe or pervasive so as to alter the conditions of [his] employment and create an abusive work environment" and the conduct must be "objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive and in fact did perceive it to be so." *Id.*

Plaintiff has not established that he was "subjected" to harassment. He was not present at the time of the incident described, nor even, described how he learned of the incident between Mr. Burke and Captain Hamilton. Plaintiff, further, has not established that the single incident

created a hostile working environment. He has advanced no proof that harassment was "severe or pervasive." Nor has he established that the incident was "subjectively" and "objectively" offensive. He has not asserted that it had any effect on his working environment; it is unclear how it could, as he was not present during Mr. Burke's confrontation with Captain Hamilton. See Statement of Neil Burke dated November 7, 2019 attached hereto as **Exhibit 4.**

**B. Plaintiff has failed to establish a basis for employer liability under the statute, as he has not established that Mr. Burke was his "supervisor" nor that the incident was caused by the City of Everett's failure to timely intervene.**

Plaintiff, in addition to establishing that he was subjected to a hostile working environment, must establish a basis for employer liability. *Semmami v. UG2 LLC,* No. 18-CV-12396-DJC, 2019 WL 2249705, at *4 (D. Mass. May 24, 2019) (citing *Agusty-Reyes v. Dep't of Educ. of P.R.,* 601 F.3d 45, 52 n.6 (1st Cir. 2010)). Although the standard for employer liability is different based on whether the perpetrator of harassment is a coworker or supervisor, as discussed below, the plaintiff has not established a basis for liability under either theory.

*1. Plaintiff has not established, to a sufficient degree of certainty to be entitled to summary judgment on an issue on which he bears the burden of proof at trial, that Mr. Burke was his "supervisor."*

Under Massachusetts law, employers are "strictly liable for supervisory harassment." *Newell v. Celadon Sec. Servs., Inc.,* 417 F. Supp. 2d 85, 92 (D. Mass. 2006). "The key to determining supervisory status is the degree of authority possessed by the putative supervisor." *Noviello v. City of Bos.,* 398 F.3d 76, 95–96 (1st Cir. 2005). "[C]ourts must distinguish "employees who are supervisors merely as a function of nomenclature from those who are entrusted with actual supervisory powers." *Id.* "[T]he essence of supervisory status is the authority to affect the terms and conditions of the victim's employment" such as powers to "hire, fire, demote, promote, transfer, or discipline an employee." *Id.* at 96.

Mr. Pepicelli has not established that Mr. Burke was a "supervisor." Mr. Pepicelli testified at deposition that he had been on a shift commanded by Mr. Burke in the past, however, the last time he worked on a shift commanded by Mr. Burke was prior to 2010. Mr. Burke, however, testified that Mr. Pepicelli never worked on a shift he commanded. Mr. Pepicelli has asserted no facts that would establish that a "Lieutenant" in the Everett Police Department has the ability to hire, fire, demote, promote, transfer, or discipline a "Patrolman" he does not directly supervise. Furthermore, as the Everett Police Department is a civil service department where employment is governed by a collective bargaining agreement, the plaintiff has no hopes of making such a showing. The power to hire, fire, demote, promote, transfer, or discipline an employee is vested in the appointing authority, subject to the supervision of the Human Resources Division and the Civil Service Commission.

> *2. Plaintiff has not established, to a sufficient degree of certainty to be entitled to summary judgment on an issue on which he bears the burden of proof at trial, that his employer knew about the harassment and failed to stop it.*

"When co-workers, rather than supervisors, are the perpetrators…both Title VII and Mass. Gen. Laws ch. 151B apply the same standard in assessing employer liability." *Newell v. Celadon Sec. Servs., Inc.,* 417 F. Supp. 2d 85, 93 (D. Mass. 2006). In such circumstances, "an employer can only be liable if the harassment is causally connected to some negligence on the employer's part. Typically, [under federal law] this involves a showing that the employer knew or should have known about the harassment, yet failed to take prompt action to stop it. Similarly, under [C]hapter 151B, employer liability for coworker harassment requires a showing that the employer knew or should have known about the harassment, yet failed to halt it." *Id.*

Plaintiff alleges that after he learned of the incident, he reported it to Mayor DeMaria. Mayor DeMaria requested Chief Mazzie take action. Chief Mazzie requested an investigation,

and reviewed statements from the parties. There was a meeting. Mr. Burke apologized. Thereafter, Mr. Burke had no further contact with Mr. Pepicelli. The City of Everett took action upon the report of harassment, and there was no further contact between Mr. Pepicelli and Mr. Burke. This was sufficient to "halt" the conduct. The City of Everett cannot be liable.

### C. Plaintiff is not entitled to summary judgment because the incident in August of 2019 occurred more than three years before the filing of suit in September of 2023.

A three-year statute of limitations applies to claims for discrimination, whether asserted under G.L. c. 151B or cognate federal law. *Davis v. Lucent Techs., Inc.,* 251 F.3d 227, 235 (1st Cir. 2001) (G.L. c. 151B); *Rae v. Woburn Pub. Sch.,* 113 F.4th 86, 99 (1st Cir. 2024) *cert. denied*, 145 S. Ct. 1431 (2025) (G.L. c. 151B); *Thomas v. Town of Salisbury*, 134 F. Supp. 3d 633, 644 (D. Mass. 2015) (42 USC § 1983); G. L. c. 260 § 2A (Massachusetts tort statute of limitations is three years). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges," and "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Rae v. Woburn Pub. Schs*., 113 F.4th 86, 102 (1st Cir. 2024).

Plaintiff seeks summary judgment based on an incident that occurred on August 20, 2019. Plaintiff filed suit on September 21, 2023. September 21, 2023 is more than four years after August 20, 2019. Even if Plaintiff were able to make out a prima facie case -- which he is not – Plaintiff would not be entitled to judgment as a matter of law because any claim arising from the incident at issue is time-barred.

### III. CONCLUSION

Plaintiff's Motion for Summary Judgment must be denied, as the plaintiff has not met the very high bar necessary to establish that he is entitled to judgment as a matter of law, as the party who will bear the burden of proof at trial. Plaintiff has failed to establish that he was subjected to

a "hostile working environment," that the "hostile working environment" was imposed on him by a supervisor or as a result of his employer's failure to intervene after a report of coworker harassment. Plaintiff, furthermore, is not entitled to judgment as a matter of law, because suit was filed more than three years after the events at issue, and his claims are time-barred.

Respectfully Submitted,

The Defendants,
EVERETT POLICE DEPARTMENT, CITY OF
EVERETT, NEIL BURKE, and STEVEN MAZZIE
By their Attorneys,

Nora R. Adukonis, BBO No. 676932
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940-2682
Tel: (781) 309-1500
adukonis@litchfieldcavo.com

7

**<u>CERTIFICATE OF SERVICE</u>**

I, Nora R. Adukonis, hereby certify that on this 9th day of April 2026, a copy of the foregoing was filed electronically through CM/ECF and notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Nora R. Adukonis