UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH PEPICELLI,<br>　　　　Plaintiff,<br><br>v.<br><br>EVERETT POLICE DEPARTMENT,<br>CITY OF EVERETT,<br>POLICE CHIEF STEVEN MAZZIE,<br>and LIEUTENANT NEIL BURKE,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　C.A. No. 1:23-cv-12406-MPK<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANTS' RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff, Joseph Pepicelli ("Pepicelli"), was employed as a police officer with the Everett

   Police Department beginning in or about 2006. *PA-1.*

Defendants' Response:  Not disputed for the purposes of summary judgment.

2. Defendant City of Everett operates the Everett Police Department. *PA-1.*

Defendants' Response: Disputed. The Everett Police Department is a *department* within the City of Everett, established by ordinance. It lacks separate existence. See *Henschel v. Worcester Police Dept., Worcester, Mass.*, 445 F. 2d 624, 624 (1st Cir.1971); *Stratton v. City of Boston*, 731 F. Supp. 42, 46 (D.Mass.1989)

3. Defendant Steven Mazzie ("Mazzie") served as Chief of Police of the Everett Police

   Department from approximately 2003 until his retirement. *PA-27.*

Defendants' Response: Not disputed for the purposes of summary judgment.

4. Defendant Neil Burke ("Burke") is employed by the Everett Police Department and

   eventually achieved the rank of Captain. *PA-16.*

Defendants' Response: Not disputed for the purposes of summary judgment that Neil Burke was promoted to Captain in January of 2026. Neil Burke was a lieutenant during the period of time described in the Plaintiff's Complaint. Burke Dep. p. 6-7, attached to Opposition as **Exhibit 1.**

5. Pepicelli is of Italian heritage. *PA-1.*

Defendants' Response: Not disputed for the purposes of summary judgment.

6. Pepicelli was regarded as a good police officer during his employment and did not have any significant disciplinary issues. *Plaintiff's Affidavit; PA-42.*

Defendant's Response: Disputed that he was a regarded as a "good police officer." See Ex. 1, Burke Dep. p. 27-28 (Plaintiff was not that competent, struggled with tasks, and got by as an officer only by leaning on others). Otherwise, not disputed for the purposes of summary judgment.

7. On or about August 20, 2029, a work-place incident occurred between Pepicelli and Burke. *PA-1; PA-48.*

Defendant's Response: Disputed that it was a "work-place incident," as Mr. Pepicelli was working a detail outside the "workplace" and not as part of a scheduled shift; disputed that it occurred in 2029. Burke Dep. p. 32-33. Otherwise, not disputed for the purposes of summary judgment.

8. When Burke was confronted about the matter by Captain Paul Hamilton, Burke referred to Pepicelli as a "fucking guinea," a derogatory slur directed at individuals of Italian heritage. *PA-52.*

Defendants' Response: Disputed. Ex. 1, Burke Dep. 14; Statement of Neil Burke, Dated November 7, 2019, attached to Opposition as **Exhibit 4**.

9. Burke made this statement to Captain Paul Hamilton ("Hamilton"), and a memorandum from Hamilton reported that Burke stated, "I am going to kill that fuckin' guinea[1]" in reference to Pepicelli. *PA-52.*

Defendants' Response: Disputed. Burke Dep. p. 14:6-14:9. ("Did you ever say, I'm going to kill that fucking Guinea? I don't believe so. I don't recall saying that.").

10. Burke admits that he has used the term "guinea" on other occasions. PA-22.

Defendants' Response: Disputed. Ex. 1, Burke Dep. p. 14:12-14:14.

---

[1] Burke disputes making the full statement but admits using the slur itself.

11. Burke admits that he referred to Pepicelli as a "kid" and believed him to be incompetent.

*PA-21,22.*

Defendants' Response: Not disputed for the purposes of summary judgment.

12. Mazzie was informed of Burke's use of the slur, and Pepicelli complained to the Mayor's office regarding Burke's conduct. *Plaintiff's Affidavit; PA-46.*

Defendants' Response: Disputed that Mr. Pepicelli complained *after* Chief Mazzie was informed. There is no information in the summary judgment record concerning any report to Chief Mazzie prior to Mr. Pepicelli's complaint to Mayor Demaria.

13. The Mayor's Office then contacted the Chief and told him that the individuals involved should come in for a meeting with their union representatives. *Id.*

Defendants' Response: Disputed. Mazzie Dep. 34-35, attached as **Exhibit 2** to Opposition; Ex. 4 to Pl. Mtn for Summary Judgment, at p. 46. (phrasing was "union representatives if they want.").

*14.* No formal meeting was held and union representatives were not present. *Plaintiff's Affidavit.*

Defendants' Response: Disputed that there was no meeting. **Ex. 2**, Mazzie Dep. 32-33. Ex. 4 to Pl. Mtn for Summary Judgment, at p. 46. (containing Chief Mazzie's notes on the meeting that, in fact, took place). Not disputed, for purposes of summary judgment, that union representatives were not present.

15. Despite this knowledge, Burke was not disciplined for using the slur. *PA-23.*

Defendants' Response: Not disputed for the purposes of summary judgment.

16. Burke did not receive any anti-discrimination training either before or after the incident.

*PA-23, 24.*

Defendants' Response: Not disputed for the purposes of summary judgment.

<div style="margin-left:45%">

Respectfully Submitted,
The Defendants,
EVERETT POLICE DEPARTMENT, CITY OF
EVERETT, POLICE CHIEF STEVEN MAZZIE,
and LIEUTENANT NEIL BURKE,
By their Attorneys,

Nora R. Adukonis, BBO No. 676932
LITCHFIELD CAVO LLP
6 Kimball Lane, Suite 200
Lynnfield, MA  01940-2682
Tel:  (781) 309-1500
adukonis@litchfieldcavo.com

</div>

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 9th day of April 2026, a copy of the foregoing was filed electronically through CM/ECF and notice will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Nora R. Adukonis