UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PEPICELLI,<br>　　　　Plaintiff,<br><br>v.<br><br>EVERETT POLICE DEPARTMENT,<br>CITY OF EVERETT,<br>POLICE CHIEF STEVEN MAZZIE,<br>and LIEUTENANT NEIL BURKE,<br>　　　　Defendants. | C.A. No. 1:23-cv-12406-MPK |

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS EVERETT POLICE DEPARTMENT,
CITY OF EVERETT, AND STEVEN MAZZIE'S MOTION FOR SUMMARY
JUDGMENT</u>**

Now comes the Plaintiff, Joseph Pepicelli ("Plaintiff"), by and through his undersigned

counsel, and hereby opposes Defendants City of Everett, Everett Police Department, and Steven

Mazzie's Motion for Summary Judgment. Defendants seek summary judgment by selectively

presenting facts, minimizing admitted discriminatory conduct, and improperly isolating events

that form a continuous course of discriminatory and retaliatory conduct. The record, including

Defendants' own admissions, establishes at minimum genuine disputes of material fact as to

Plaintiff's claims for discrimination, retaliation, and disability-related violations. Accordingly,

Defendants' motion must be denied.

**<u>ARGUMENT</u>**

I.　　　<u>THE STANDARD</u>

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56. The role of summary judgment is "to pierce the pleadings and to assess the proof in

order to see whether there is a genuine need for trial." *Mesnick v. Gen. Elec. Co.,* 950 F.2d 816, 822 (1st Cir. 1991), *quoting Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5 (1st Cir. 1990). The nonmoving party may not simply "rest upon mere allegation or denials of his pleading," but instead "must present affirmative evidence." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986). Applying this standard, the Plaintiff can demonstrate that at minimum, there are genuine issues of material fact as to Plaintiff's claims.

## II.    PLAINTIFF'S CLAIMS ARE NOT TIME-BARRED

Defendants' statute of limitations argument improperly attempts to parse Plaintiff's claims into isolated acts. The record instead reflects a continuous course of conduct extending well into the limitations period. Defendants' own Statement of Facts confirms ongoing disputes regarding Plaintiff's benefits in 2020; denial of benefits in September 2020; initiation of involuntary retirement proceedings in December 2020; and continued consequences into 2021. *See O'Rourke v. City of Providence,* 235 F.3d 713, 730 (1st Cir. 2001) (describing the continuing violation doctrine as an "equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts…").

## III.    PLAINTIFF'S CLAIMS AT A MINIMUM PRESENT A GENUINE DISPUTE OF MATERIAL FACTS

Defendants' characterization of Neil Burke's conduct as an "isolated remark" is contradicted by the record. Burke admitted that he referred to Plaintiff using a derogatory ethnic slur. *Exh. 43-*

2

*1.* Additionally, Captain Paul Hamilton reported that Burke made threatening statements using said slur. *Exh. 46-9.* Plaintiff further reported a pattern of similar conduct spanning years. *Exh. 46-6.* The conduct was explicitly discriminatory; made in reference to the Plaintiff; made by a superior officer; and known to department leadership. Defendants' failure to impose discipline despite confirmed misconduct further supports liability.

Plaintiff engaged in protected activity by reporting discriminatory conduct, including escalating the issue to the Mayor of Everett. Following that complaint, Plaintiff's benefits were denied, Plaintiff was forced to repeatedly seek clarification and approval of 111F benefits, and Defendants initiated involuntary retirement proceedings. *Exh. 46-12, 19.* Plaintiff further testified that Chief Mazzie expressed frustration with Plaintiff's complaint to the Mayor, stating that he could no longer "squash" the issue. *Exh. 43-4.* At a minimum, this evidence creates a genuine dispute of material fact as to retaliatory intent.

Defendants' own records also confirm that Plaintiff suffered from work-related injuries and was unable to perform the essential functions of his position. Specifically, Defendants reported that Plaintiff was unable to perform essential job duties as of October 2020, and acknowledged that Plaintiff had not reported for duty since that time. *Exh. 46-1.* Medical records further link Plaintiff's condition to the physical demands of his employment. *Exh. 46-17.* Despite this, Defendants denied Plaintiff's benefits, citing lack of documentation. *Exh. 46-14.* These conflicting positions create a clear factual dispute inappropriate for summary judgment.

Defendants further contend that Plaintiff cannot establish adverse action, protected activity, discriminatory intent, or liability under his remaining claims. These arguments are unavailing and rely on disputed facts, selective characterization of the record, and improper credibility determinations. "Determining whether an action is materially adverse necessarily requires a case-

by-case inquiry." *Blackie v. Maine,* 75 F.3d 716, 725 (1st Cir. 1996), *citing Welsh v.* Derwinski, 14 F.3d 85, 86 (1st Cir. 1994). Typically, this involves the employer taking something of consequence from the employee or withholding from the employee an accouterment of the employment relationship. *Id.* Here, following Plaintiff's complaints of discriminatory conduct, Plaintiff's 111F benefits were denied or delayed; Plaintiff was required to repeatedly seek clarification and approval of benefits; Defendants initiated involuntary retirement proceedings; Plaintiff was ultimately unable to continue working. *Exh. 46-12, 19, 21.* A reasonable jury could conclude that Defendants' actions materially altered and terms and conditions of Plaintiff's employment and therefore constitute adverse employment actions.

Defendants assert that Plaintiff did not engage in protected activity, characterizing his complaints as unrelated to discrimination. This is contradicted by the record. Plaintiff reported that a superior officer used a derogatory ethnic slur in reference to him, and eventually escalated that complaint to the Mayor. *Exh. 43-4.* Reporting discriminatory conduct, including the use of ethnic slurs, constitutes a protected activity as a matter of law. *Fantini v. Salem State College*, 557 F.3d 22 (1st Cir. 2009). At minimum, Plaintiff had a good faith belief that he was opposing unlawful discrimination.

Defendants further argue that there is no causal connection between Plaintiff's complaints and subsequent adverse actions. The record, however, contains evidence from which a reasonable jury could find retaliatory intent. Plaintiff has presented evidence that his complaints preceded the denial of benefits and initiation of retirement proceedings, Chief Mazzie expressed frustration regarding Plaintiff's escalation of the complaint to the Mayor (*Exh. 43-4*); and the adverse actions occurred in close temporal proximity to Plaintiff's protected activity. *See Decaire v.* Mukasey, 530 F.3d 1, 19 (1st. Cir. 2008), *citing Mariani-Colon v. Dep't of Homeland*

4

*Sec. ex rel.* Chertoff, 511 F.3d 216, 224 (1st Cir. 2007) (finding that "temporal proximity alone can suffice to meet the relatively light burden of establishing a prima facie case of retaliation"). *See also Hodgens v. General Dynamics Corp.*, 144 F.3d 151, 168 (1st Cir. 1998) ("protected activity conduct closely followed by adverse action may justify an inference of retaliatory motive"). *See id.* at 171 ("statements by supervisors carrying the inference that the supervisor harbored animus against protected classes of people or conduct are clearly probative of pretext"). The facts here are more than sufficient to create a triable issue of fact as to causation.

Defendants contend that Plaintiff was not a "qualified individual" and therefore cannot sustain his disability claims. Defendants' own submissions confirm that, based on his injuries, Plaintiff was unable to perform the essential duties of his position as of October 2020. *Exh. 46-14.* Medical records further support that Plaintiff's condition was related to the physical demands of his job. *Exh. 46-17.* Prior to his retirement, Plaintiff was able to work but was in need of disability benefits to pay for medical care for his work-sustained injuries. At the same time, Defendants denied Plaintiff's benefits. *Exh. 46-14.* As a result of denial of his benefits, Plaintiff's injuries intensified over time. These conflicting positions create a clear dispute of fact as to Plaintiff's disability status, qualification, and Defendants' handling of his claims.

The argument that Plaintiff's claims under 42 U.S.C. § 1983 and related causes of action fail as a matter of law. However, the record supports a finding that Defendants, acting under color of law, engaged in discriminatory and retaliatory conduct. Specifically, (1) Burke's admitted use of a derogatory ethnic slur constitutes evidence of intentional discrimination (*Exh. 43-1*); (2) Chief Mazzie had actual knowledge of that conduct and failed to take corrective action (*Exh. 43-3*); and Plaintiff was subsequently subjected to adverse actions following his complaints. An employer is liable where it knew or should have known of discriminatory conduct and failed to

5

take prompt and appropriate corrective action. *Forrest v. Brinker Int'l Payroll Co.,* 511 F.3d 225, 232 (1st Cir. 2007). Defendants argue that 42 U.S.C. § 1983 cannot be used where other statutes afford adequate process and their own remedies. 42 U.S.C. § 1983 remains available to vindicate constitutional rights unless Congress has expressly foreclosed such relief. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 256 (2009). Here, Plaintiff's claims are independently actionable under 42 U.S.C. § 1983. At a minimum, these facts create triable issues regarding whether Defendants deprived Plaintiff of his rights under color of law.

The arguments arguing for dismissal of Plaintiff's claims for negligent supervision and emotional distress similarly fail. The record reflects that Defendants had actual knowledge of discriminatory conduct and failed to take meaningful corrective action. A reasonable jury could conclude that: (1) Defendants breached their duty to maintain a workplace free from discrimination; (2) Defendants' inaction allowed the conduct to persist; and (3) Plaintiff suffered emotional harm as a result. These are fact determinations inappropriate for resolution on summary judgment. Defendants argue that Plaintiff did not satisfy the presentment requirement under the MTCA. This is false. Plaintiff provided written notice of his claims to City officials (complaints to Mayor) detailing discriminatory conduct, resulting harm, and requested action. This notice includes the Memorandum submitted to Chief Mazzie as well as the MCAD Complaint itself. At a minimum, whether Plaintiff's communications satisfied the presentment requirement presents a question of fact that cannot be resolved on summary judgment.

Ultimately, Defendants' motion rests on competing interpretations of the evidence and challenges to Plaintiff's credibility. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150. Where, as here, the record contains direct evidence of

discriminatory conduct, conflicting accounts of key events, and evidence supporting retaliatory motive and adverse action, summary judgment must be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff hereby requests that this Honorable Court deny Defendants City of Everett, Everett Police Department, and Steven Mazzie's Motion for Summary Judgment.

Dated: April 9, 2026

Respectfully submitted,
Joseph Pepicelli, Plaintiff
By His Counsel,


*/s/ Cassidy E. Almon*
_____
Cassidy E. Almon, Esq. BBO# 710691
Law Offices of Steven J. Marullo
435 Newbury Street, Suite 217
Danvers, MA 01923
Tel: 617-723-1111
e-mail: cealmonlaw@gmail.com

## CERTIFICATE OF SERVICE

I, Cassidy E. Almon, Plaintiff's counsel herein, hereby certify that on this 9th day of April, 2026, I served the foregoing by e-mail or by mailing a copy hereof, by first class mail, to all counsel of record herein.


*/s/ Cassidy E. Almon*
_____
Cassidy E. Almon, Esq.