UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH PEPICELLI,
　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　C.A. No. 1:23-cv-12406-MPK

EVERETT POLICE DEPARTMENT,
CITY OF EVERETT,
POLICE CHIEF STEVEN MAZZIE,
and LIEUTENANT NEIL BURKE,
　　　　　Defendants.

## **<u>PLAINTIFF'S RESPONSES TO RULE 56.1 STATEMENT OF UNDISPUTED FACTS</u>**
## **<u>OF DEFENDANT NEIL BURKE</u>**

Pursuant to Local Rule 56.1, Plaintiff responds to Defendant Neil Burke's Statement of

Undisputed Facts as follows:

1.　　　Neil Burke is a Lieutenant with the Everett Police Department, and has been since

2003. Deposition of Neil Burke, at p. 6-7, attached as **Exhibit 1**.

<u>Plaintiff's Response</u>: Admitted.

2.　　　Neil Burke never supervised Joseph Pepicelli, although their shifts occasionally

overlapped. Ex. 1 p. 9:6-9:12.

<u>Plaintiff's Response</u>: Denied. The record reflects that Burke was a Lieutenant responsible for

overseeing officers and daily operations, placing him in a position of authority within the

department. *See Exh. 43-1.*

3.　　　During a heated confrontation with Everett Police Captain Paul Hamilton, Mr.

Burke referred to Mr. Pepicelli as a "guinea," an "asshole," and a "liar." Burke

Dep., Exhibit 1, p. 10:15-14:15, 32:6-35:9.

Plaintiff's Response; Admitted that Burke referred to Plaintiff using a derogatory ethnic slur. Denied to the extent this paragraph minimizes the severity of the conduct, as the record further reflects that Burke used additional derogatory language. *See Exh. 43-1; 46-9.*

4.      This incident occurred in August of 2019. Pepicelli Deposition, attached as **Exhibit 2**, at p. 47:22-48:3.

Plaintiff's Response: Admitted.

5.      Mr. Pepicelli was not present during the incident. Burke Dep., Ex. 1, p. 10:15-14:15.

Plaintiff's Response: Admitted.

6.      Mr. Pepicelli mentioned the incident to then-mayor Carlo DeMaria in November of 2019. Deposition of Steven Mazzie, at p. 33:14-33:24, attached as **Exhibit 3**.

Plaintiff's Response: Admitted.

7.      Mayor DeMaria asked Everett Police Chief Steven Mazzie to take action. Ex. 3, p. 33:14-33:24, 34:11-34:24.

Plaintiff's Response: Admitted.

8.      After investigation, Mr. Mazzie spoke with Mr. Burke, and Mr. Burke apologized to Mr. Pepicelli.  Mazzie Dep. Ex. 3, at p. 32:10-32:19; Burke Dep, Ex. 1 at 17:18-17:24.

Plaintiff's Response: Admitted that Burke apologized. Denied to the extent that this paragraph suggests that the apology resolved or remedied discriminatory conduct, as no disciplinary corrective action was taken. *Exh. 43-3.*

9.      Mr. Pepicelli had no further contact with Mr. Burke. Burke Dep., Ex. 1 at 25:19-25:23.

<u>Plaintiff's Response</u>: Admitted.

     10.     Mr. Pepicelli does not contend that Mr. Burke took any action concerning his disability or retirement. Pep. Dep. Exhibit 2, at p. 54:23-55:4.

<u>Plaintiff's Response</u>: Admitted.

     11.     Mr. Burke was not named as a respondent in Mr. Pepicelli's charge of discrimination. See Charge of Discrimination, attached as **Exhibit 4**.

<u>Plaintiff's Response</u>: Admitted that Burke was not formally named as a respondent. Denied to the extent that this paragraph suggests lack of notice, as the MCAD charge specifically identified Burke's conduct, including his use of a derogatory ethnic slur. *Exh. 43-4.*

Dated: April 9, 2026

Respectfully submitted,
Joseph Pepicelli, Plaintiff
By His Counsel,

*/s/ Cassidy E. Almon*

_____

Cassidy E. Almon, Esq. BBO# 710691
Law Offices of Steven J. Marullo
435 Newbury Street, Suite 217
Danvers, MA 01923
Tel: 617-723-1111
e-mail: cealmonlaw@gmail.com

CERTIFICATE OF SERVICE

I, Cassidy E. Almon, Plaintiff's counsel herein, hereby certify that on this 9th day of April, 2026, I served the foregoing by e-mail or by mailing a copy hereof, by first class mail, to all counsel of record herein.

*/s/ Cassidy E. Almon*

_____

Cassidy E. Almon, Esq.